**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **GEORGE ALTON NORWOOD** | **CASE NO. 2:26-CV-03735** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **VENTURE GLOBAL L N G INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion for Temporary Restraining Order and Motion for Preliminary Injunction [doc. 3] filed by plaintiff George Alton Norwood, in connection with his pro se complaint arising out of the condemnation of land he co-owns in Cameron Parish, Louisiana, by defendants Venture Global LNG Inc. and Marais Pipeline LLC. *See* doc. 1. Mr. Norwood challenges the compensation offered by defendants and alleges that they physically invaded his property two months before obtaining an easement or condemnation order. In addition to emergency injunctive relief, he seeks a valuation of the subject pipeline easements and trespass damages. *Id.*

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir.

2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Plaintiff fails to satisfy the second element. He alleges that he "will suffer immediate, irreversible, and irreparable physical damage to his ancestral land" if the court does not act immediately. Yet he provides no evidence to support these allegations, nor does he dispute that defendants are entitled to condemnation—he only challenges the compensation that has been provided. Accordingly, there is no basis for granting injunctive relief at this stage and **IT IS ORDERED** that the Motions [doc. 3] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 25th day of September, 2026.



**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**